**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
<u>Alexandria</u>     Division**

**CHAPTER 13 PLAN
AND RELATED MOTIONS**

Name of Debtor(s): Robin May Lawler   Case No: 18-10021

This Plan, dated Feb 5, 2018 , is:
- ☑ the *first* Chapter 13 Plan filed in this case.
- ☐ a modified Plan that replaces the
  ☐ confirmed or ☐ unconfirmed Plan dated _____

Date and Time of <u>Modified Plan</u> Confirmation Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

1. **Notices**

**To Creditors:
Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to**

1

Fill in this information to identify your case:

Debtor 1: **Robin May Lawler**
First Name / Middle Name / Last Name

Debtor 2: _____
(Spouse, if filing) First Name / Middle Name / Last Name

United States Bankruptcy Court for the: **Eastern** District of **Virginia**
(State)

Case number (If known): **18-10021**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____

# Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$ **200.00** per **month** for **60** months

[and $ _____ per _____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113                             Chapter 13 Plan                             Page 1

### 2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____.

### 2.3 Income tax refunds.

*Check one.*

- ☑ Debtor(s) will retain any income tax refunds received during the plan term.
- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- ☐ Debtor(s) will treat income tax refunds as follows:

  _____
  _____

### 2.4 Additional payments.

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
- ☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

  _____
  _____

### 2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

Debtor _Robin May Lawore_____    Case number _18-1002I_

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ___% | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | ___% | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ |

*Insert additional claims as needed.*

### 3.4 Lien avoidance.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $_____ | **Amount of secured claim after avoidance** (line a minus line f) $_____ |
| | b. Amount of all other liens | $_____ | |
| **Collateral** _____ | c. Value of claimed exemptions | + $_____ | **Interest rate** (if applicable) _____ % |
| | d. Total of adding lines a, b, and c | $_____ | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ | e. Value of debtor(s)' interest in property | − $_____ | **Monthly payment on secured claim** $_____ |
| | f. Subtract line e from line d. | $_____ | **Estimated total payments on secured claim** $_____ |
| | Extent of exemption impairment *(Check applicable box)*: ☐ Line f is equal to or greater than line a. The entire lien is avoided. *(Do not complete the next column.)* ☐ Line f is less than line a. A portion of the lien is avoided. *(Complete the next column.)* | | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

Debtor __Robin May La___  Case number __18-10021__

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __7.9__ % of plan payments; and during the plan term, they are estimated to total $__948.00__.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $__0__.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

Check one.

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

■ The debtor(s) estimate the total amount of other priority claims to be __7,431.17__

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

■ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

■ The sum of $ __4,568.83__

☐ _____ % of the total amount of these claims, an estimated payment of $_____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

Debtor __Robin May Devore__   Case number __18-10021__

## 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | $_____ |
| _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

## 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ |
| _____ | _____ | $_____ | _____% | $_____ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

■ **Assumed Items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor __Robin May Lawler__    Case number __18-10021__

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Public Storage | Storage rooms | $250.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | $500.00 | nonpriority | $500.00 |
| Robert William Lawler Linda Lawler Robert Kevin Lawler | home rentals | $1.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | $1.00 disputed | nonpriority ~~$1.00~~ ~~disputed~~ RML | $1.00 |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.

☑ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

_____
_____
_____
_____
_____
_____

Debtor ___Robin May Lawler_____   Case number __18-10021__

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✗ _Robin M Lawler_____
Signature of Debtor 1

Executed on _02/06/2018_
MM / DD / YYYY

✗ _____
Signature of Debtor 2

Executed on _____
MM / DD / YYYY

✗ _Robin M Lawler_____
Signature of Attorney for Debtor(s)

Date _____
MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Official Form 113                    **Chapter 13 Plan**                    Page 8

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a.  **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)*    $ 0

b.  **Modified secured claims** *(Part 3, Section 3.2 total)*    $ 0

c.  **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)*    $ 0

d.  **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)*    $ 0

e.  **Fees and priority claims** *(Part 4 total)*    $ 7,431.17

f.  **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)*    $ 4,568.83

g.  **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)*    $ 501.00

h.  **Separately classified unsecured claims** *(Part 5, Section 5.3 total)*    $ 0

i.  **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)*    $ 0

j.  **Nonstandard payments** *(Part 8, total)*    + $ 0

   **Total of lines a through j**    $ 12,501.00

Official Form 113    **Chapter 13 Plan – Exhibit**    Page 1

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan

Certificate of Service

I certify that on  February 6, 2018 , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_Robin Rawler_
Signature

_20611 Morningside Terr_
_Sterling VA 20165_
Address

_571-762-9602_
Telephone No:

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on  Feb 6, 2018  true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

(✓) by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

( ) by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.

_Robin Rawler_
Signature of attorney for debtor(s)

[ver. 12/17]

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 13** |
| | ) | |
| **ROBIN MAY LAWLER** | ) | **Case No. 18-10021** |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATE OF MAILING: LIST OF CREDITORS

1. Dominion Energy
   PO Box 26543
   Richmond, Virginia 23290

2. Emergency Medicine Associates, PA
   20010 Century Blvd Suite 200
   Germantown, Maryland 20874

3. Faisal Moghul
   8230 Boone Blvd Suite 210
   Vienna, Virginia 22182

4. John Cosgrove
   757 Mallard Landing Blvd
   Clemmon, NC 27012

5. Linda Lawler
   5600 Westbury Court
   Fredericksburg, Virginia 22407

6. Loudoun Hospital
   INOVA Patient Accounting
   2990 Telestar Court
   Falls Church, Va 22042

7. Loudoun Medical Group
   46440 Benedict Drive #107
   Sterling, Virginia 20164

8. Loudoun Water
   44865 Loudoun Water Way
   Ashburn, Va. 20147

9. Neuroscience Consultants, PLC
   PO Box 79429

Page 1 of 4

Baltimore, Md. 21279-0429

10. Physical Medicine Associates
    PO Box 713666
    Cincinnati, Ohio 45271-3666

11. Public Storage
    21360 Gentry Drive
    Sterling, Virginia 20166

12. Robert William Lawler
    5600 Westbury Court
    Fredericksburg, Virginia 22407

13. Robert Kevin Lawler
    5600 Westbury Court
    Fredericksburg, Virginia 22407

14. Reston Hospital
    HCA Billing Department
    PO Box 13620
    Richmond, Va 23225

15. Shaun Daniels
    505 North Argonne Avenue
    Sterling, Va 20164

16. Spine and Pain Center
    1860 Town Center Drive Suite 430
    Reston, Va 20190

17. Spotsylvania Regional Medical Center
    HCA Billing Department
    PO Box 13620
    Richmond, Va 23225

18. Spotsylvania County Treasurer's Office
    9104 Courthouse Rd
    Spotsylvania, Va 22553

19. Terrance Robert Cognata
    1596 NW 5th Ave.
    Oak Harbor, Washington

20. Terry Welch
    110 Evergreen Street
    Sterling, Va 20164

21. Thomas P. Gorman, Esq
    Chapter 13 Trustee
    300 N Washington Street

Suite 400
Alexandria, Va. 22314

22. United Consumers, Inc.
    PO Box 4466
    Woodbridge, Virginia 22194-4466

23. University of Virginia Health Systems
    PO Box 744123
    Atlanta, Ga 30374

24. University of Virginia Medical Center
    PO Box 530272
    Atlanta, Ga 30353

25. University of Virginia Physicians Group
    PO Box 744123
    Atlanta, Ga 30374

26. US Department of the Treasury
    Bureau of the
    Fiscal Service
    PO Box 830794
    Birmingham, Alabama 35283-0794

27. US Trustee
    John P. Fitzgerald, III
    Office of the Trustee -Region 4      *By hand*
    115 South Union Street, Room 210
    Alexandria, Virginia 22314

28. Verizon
    PO Box 15124
    Albany, NY 12212-5124

29. Washington Gas
    101 Constitution Avenue
    Washington, DC 20080

Respectfully submitted this 6th day of February, 2018:

Robin M. Lawler
*Pro Se*

*/s/ Robin Lawler*

Robin M. Lawler
20611 Morningside Terrace
Sterling, Virginia 20165
Tel: (571) 762-9602

Page 3 of 4

Email: bubba1bubba2@icloud.com
*Pro Se* Debtor

Fill in this information to identify your case:

Debtor 1: Robin May Lawler

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 18-10021

FILED
2018 JAN 12 P 4: 19
CLERK
US BANKRUPTCY
ALEXANDRIA DIVISION

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
___/___/_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income                                                                                      12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☐ Employed<br>☒ Not employed | ☐ Employed<br>☐ Not employed |
   | Occupation | -DISABLED- | |
   | Employer's name | | |
   | Employer's address | Number Street | Number Street |
   | | City State ZIP Code | City State ZIP Code |
   | How long employed there? | | |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|   | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0 | $ |
| 3. Estimate and list monthly overtime pay. | + $ 0 | + $ |
| 4. Calculate gross income. Add line 2 + line 3. | $ 0 | $ |

Official Form 106I                                  Schedule I: Your Income                                page 1

Debtor 1 __Robin May Lawler__    Case number (if known) __18-10021__

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here............→ 4. | $ 0 | $ |

5. List all payroll deductions:

| 5a. Tax, Medicare, and Social Security deductions | 5a. $ 0 | $ |
| 5b. Mandatory contributions for retirement plans | 5b. $ 0 | $ |
| 5c. Voluntary contributions for retirement plans | 5c. $ 0 | $ |
| 5d. Required repayments of retirement fund loans | 5d. $ 0 | $ |
| 5e. Insurance | 5e. $ 0 | $ |
| 5f. Domestic support obligations | 5f. $ 0 | $ |
| 5g. Union dues | 5g. $ 0 | $ |
| 5h. Other deductions. Specify: _____ | 5h. +$ 0 | +$ |

6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.    6. $ 0    $

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.    7. $ 0    $

8. List all other income regularly received:

   8a. Net income from rental property and from operating a business, profession, or farm
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a. $ 650.00    $

   8b. Interest and dividends    8b. $ 0    $

   8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c. $ 0    $

   8d. Unemployment compensation    8d. $ 0    $

   8e. Social Security    8e. $ 1,177.00    $

   8f. Other government assistance that you regularly receive
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify: _____    8f. $ 200.00    $

   8g. Pension or retirement income    8g. $ 0    $

   8h. Other monthly income. Specify: _____    8h. +$ 0    +$

9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.    9. $ 2,027    $

10. Calculate monthly income. Add line 7 + line 9.
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10. $ 2,027  +  $ 0  = $ 2,027

11. State all other regular contributions to the expenses that you list in Schedule J.
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J.
    Specify: _____    11. +$ 0

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
    Write that amount on the Summary of Your Assets and Liabilities and Certain Statistical Information, if it applies    12. $ 2,027
    Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?
    ☐ No.
    ☑ Yes. Explain:  It is possible due to outstanding lawsuits

Official Form 106I    Schedule I: Your Income    page 2

Fill in this information to identify your case:

Debtor 1  __Robin May Lawler__
           First Name    Middle Name    Last Name

Debtor 2  _____
(Spouse, if filing) First Name  Middle Name  Last Name

United States Bankruptcy Court for the: Eastern District of Virginia

Case number  __18-10021__
(if known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. Is this a joint case?

    ■ No. Go to line 2.
    ☐ Yes. Does Debtor 2 live in a separate household?

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, Expenses for Separate Household of Debtor 2.

2. Do you have dependents?   ■ No

    Do not list Debtor 1 and Debtor 2.   ☐ Yes. Fill out this information for each dependent...........

    Do not state the dependents' names.

    | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
    |---|---|---|
    | | | ☐ No / ☐ Yes |
    | | | ☐ No / ☐ Yes |
    | | | ☐ No / ☐ Yes |
    | | | ☐ No / ☐ Yes |
    | | | ☐ No / ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?   ■ No   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form 106I.)

Your expenses

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.   4. $ 0

    If not included in line 4:

    4a. Real estate taxes                                       4a. $ 0
    4b. Property, homeowner's, or renter's insurance            4b. $ 50.00
    4c. Home maintenance, repair, and upkeep expenses           4c. $ 100.00
    4d. Homeowner's association or condominium dues             4d. $ 0

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1  Robin May Lawler    Case number (if known) 18-10021

Your expenses

5. Additional mortgage payments for your residence, such as home equity loans — 5. $ 0

6. Utilities:
   6a. Electricity, heat, natural gas — 6a. $ 200
   6b. Water, sewer, garbage collection — 6b. $ 50
   6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 80
   6d. Other. Specify: _____ — 6d. $ 0

7. Food and housekeeping supplies — 7. $ 200

8. Childcare and children's education costs — 8. $ 0

9. Clothing, laundry, and dry cleaning — 9. $ 20

10. Personal care products and services — 10. $ 50

11. Medical and dental expenses — 11. $ 350

12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 125

13. Entertainment, clubs, recreation, newspapers, magazines, and books — 13. $ 50

14. Charitable contributions and religious donations — 14. $ 0

15. Insurance.
   Do not include insurance deducted from your pay or included in lines 4 or 20.
   15a. Life insurance — 15a. $ 0
   15b. Health insurance — 15b. $ 0
   15c. Vehicle insurance — 15c. $ 277
   15d. Other insurance. Specify: _____ — 15d. $ 0

16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: _____ — 16. $ 25

17. Installment or lease payments:
    17a. Car payments for Vehicle 1 — 17a. $ 0
    17b. Car payments for Vehicle 2 — 17b. $ 0
    17c. Other. Specify: Storage unit — 17c. $ 250.00
    17d. Other. Specify: _____ — 17d. $ 0

18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I). — 18. $ 0

19. Other payments you make to support others who do not live with you.
    Specify: _____ — 19. $ 0

20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.
    20a. Mortgages on other property — 20a. $ 0
    20b. Real estate taxes — 20b. $ 0
    20c. Property, homeowner's, or renter's insurance — 20c. $ 0
    20d. Maintenance, repair, and upkeep expenses — 20d. $ 0
    20e. Homeowner's association or condominium dues — 20e. $ 0

Debtor 1  Robin May Lawler    Case number (if known) 18-10021

21. Other. Specify: _____     21. +$ 0

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.    22a. $ 1827

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   22b. $ 0

    22c. Add line 22a and 22b. The result is your monthly expenses.   22c. $ 1827

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from Schedule I.   23a. $ 2,027

    23b. Copy your monthly expenses from line 22c above.   23b. −$ 1,827 (rml)

    23c. Subtract your monthly expenses from your monthly income.
    The result is your monthly net income.   23c. $ 200.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes. Explain here:

Official Form 106J    Schedule J: Your Expenses    page 3