**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

FILED

2018 MAY -3 P 12: 32

CLERK
US BANKRUPTCY COURT

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| **ROBIN MAY LAWLER** | ) | Case No. 18-10021 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **ROBIN MAY LAWLER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. #_____ |
| | ) | |
| **ROBERT KEVIN LAWLER** | ) | |
| 5600 Westbury Court | ) | |
| Fredericksburg, Va 22407 | ) | |
| | ) | |
| **ROBERT WILLIAM LAWLER** | ) | |
| C/o Robert Kevin Lawler | ) | |
| Attorney in Fact | ) | |
| 5600 Westbury Court | ) | |
| Fredericksburg, Virginia 22407 | ) | |
| | ) | |
| **LAURA J. JOHNSTON** | ) | |
| 4258 Germanna Highway, Suite E | ) | |
| Locust Grove, Virginia 22508 | ) | |
| | ) | |
| **GETTY & ASSOCIATES, P.C.** | ) | |
| Serve Registered Agent | ) | |
| Frederick J Getty | ) | |
| 4258 Germanna Highway Suite E | ) | |
| PO Box 1040 | ) | |
| Locust Grove, Virginia 22508 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR CONTEMPT OF AUTOMATIC STAY, AND CONSPIRACY TO VIOLATE THE AUTOMATIC STAY

**INTRODUCTION**

1. This action seeks redress for the unlawful and abusive intentional practices committed by the named Defendants, admittedly in conjunction with yet another party, Faisal Moghul as agent for Terrance Cognata, in connection with their efforts to illegally continue pre-petition lawsuits in violation of the automatic stay and to intentionally inflict emotional distress.

**JURISDICTION**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**PARTIES**

6. Plaintiff is the Debtor in the underlying Chapter 13 bankruptcy, and resides in Sterling, Virginia.

7. Robert "Kevin" Lawler is a named creditor in the underlying bankruptcy, and had filed a unlawful detainer against Plaintiff/Debtor in Loudoun County for the home she has lived in for 21 years, claiming to be the attorney in fact for the actual homeowner, Robert William "Bob" Lawler. The lawsuit is listed in the schedules. His address is 5600 Westbury Court, Fredericksburg, Virginia 22407. At all times pertinent to this action, Kevin Lawler was acting as

an agent of Bob Lawler. During the first week of December, Plaintiff da secured an emergency

protective order against Kevin Lawler, one of many EPOs and stalking convictions he has

received over time. The day of the hearing, Plaintiff was too ill to attend (with an illness that was

later determined and proven through extensive testing to be Meniere's Disease/vertigo), and

Kevin Lawler filed the unlawful detainer the very same day, on or about December 18, 2017.

8.  Robert William Lawler is a named creditor in the underlying bankruptcy and resides in Virginia.

Kevin Lawler claims to have his durable power of attorney, and filed such with the Loudoun

County General District Court to justify filing a lawsuit against Plaintiff in his own name. (The

validity of the power of attorney is in doubt). At all times pertinent to this action, Kevin Lawler

and Laura Johnston were acting as Robert William Lawler's agents. (Linda Lawler is not

included in this action as it is not clear to Plaintiff that Johnston ever actually personally

represented her or that she even ever knew of the lawsuit Kevin Lawler and Johnston filed in her

name. Further, neither provided a power of attorney for her, and it is unclear that she ever knew

of the lawsuit or the bankruptcy.)

9.  Defendants Laura J Johnston, Esq., and Getty & Associates, P.C. are the lawyer and law firm

employed by Kevin Lawler to pursue the aforementioned unlawful detainer in his name on behalf

of Bob Lawler. Their principle place of business is located at 4258 Germanna Highway, Suite E,

Locust Grove, Virginia 22508.

## FACTS

10. Without fully rewriting all of content of her handwritten affidavit, Plaintiff Lawler expressly herein

incorporates all of the facts in her attached affidavit, Exhibit A.

11. On January 3, 2018, Plaintiff sought protection from her creditors by filing a voluntary Chapter 13

bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia.

12. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, Plaintiff listed Robert Kevin Lawler, Linda Lawler, and Robert William Lawler, and further listed the unlawful detainer specifically as well. (Faisal Moghul…who claims on his website "moghullaw.com" to be admitted in the DC Bankruptcy Court…and his client Terrance Cognata were also named creditors in the underlying bankruptcy and were similarly served by both the Plaintiff and the Clerk, but as the case against these two men is far more expansive and involved, and since a separate adversarial proceeding already exists pertaining to them, those parties are not joined to this action.)

13. On or about January 4, 2018, the Bankruptcy Noticing Center certified that it had sent notice of Plaintiff's bankruptcy to all creditors, including the aforementioned defendants, who were already represented by Laura Johnston and Getty & Associates.

14. There was no notice of Undeliverable Address or Returned Mail sent to the Court.

15. On January 12, 2018, Kevin Lawler was again notified of the bankruptcy when Plaintiff mailed him her "Debtor's Motion for Entry of an Order (1) Extending Time to File Schedules and Statements of Financial Affairs, (II) Continuing the Meeting of Creditors for Four to Six Weeks, and (III) Granting Related Relief", in which she outlined her pressing health concerns. EXHIBIT B

16. Plaintiff has been disabled with multiple disabling conditions since April of 2007, including but not limited to conditions that require she be exposed to very little stress, such as Lyme Disease and panic disorder/PTSD. A judge with the Social Security Administration Disability Determination has provided a written order determining Plaintiff to be fully disabled.

17. Lyme Disease is an autoimmune condition, and due to having such a condition, the use of steroids can be dangerous and trigger illness. In the spring of 2017, after several other treatments for her newly herniated lumbar discs were ineffective for half a year, Plaintiff and her doctors consulted and decided the risk of steroid shots into her spine to relieve the pain would be worth it. It was a bad gamble, as Plaintiff quickly got incredibly sick and did not improve until the following February, after this bankruptcy was filed.

18. During that period, the doctors suspected a separate automatically disabling condition, Meniere's Disease (also known as Vertigo), had started and was exasperated by high stress levels.

19. Johnston has repeatedly stated that she would move to have the stay lifted in this case so that they could proceed with the lawsuit, yet as of the date of the filing of this complaint, she has failed to do so, despite having had to return to the Court at her insistence on April 23, 2017. Between the filing of the Chapter

13 on January 3, 2018 and the first return in the underlying case, Johnston and the other defendants failed in three weeks to request that the stay be lifted to allow them to progress, despite clearly knowing that that was an option.

20. Upon information and belief, there were multiple financial motives for the parties to conspire to violate the stay to continue the cases: 1) at least one of the two would win a case if Plaintiff failed to appear at one of the two trials they scheduled for January 22, 2018; 2) each would benefit from any loss, as, in order to together pursue an "abuse of process" claim against her for damages arising AFTER the bankruptcy filing, at least one had to secure a victory for such a claim to progress. According to a text that Kevin Lawler sent from his phone number of 540-760-5384 to the phone of Heather Goodwin on January 3, 2018, he and Johnston were working with Moghul to do just that. On January 8, 2018, (five days after the bankruptcy and after Kevin Lawler had told Goodwin they were working in concert) Moghul rescheduled a trial set for the very next day to January 22, 2018, in an *ex parte* hearing without Plaintiff's knowledge or consent. Had Plaintiff not appeared for one of the two cases they scheduled in concert for January 22nd, she would have had at least one judgment against her to give them the basis of an abuse of process claim.

   a. Faisal Moghul has a documented history of filing baseless claims and guerilla motions, all in an effort to force other parties to settle in a battle of attrition. Plaintiff had discovered and exposed that he was not drafting and signing his own pleadings but rather illegally promoted the unlawful practice of law by his "partner" S. Michael Mehalko. He was operating a fictitious corporation without a license. The stamped filings were a nullity. He was in danger of being exposed and sued for malpractice, so he had an overwhelming desire to punish Plaintiff for openly exposing this, and an equal need to totally discredit her.

21. Further, over a two day period from March 29-30, 2018, while the stay was still in effect, Plaintiff received a series of seven repeated threatening emails from the email address of Robert William Lawler, an email that Kevin Lawler had full access and control over, and upon information and belief, Kevin Lawler sent the threats pretending to be his father, which included the following that directly related to the aforementioned unlawful detainer that was stayed:

   a. "You have had enough time to vacate that house. You are forcing me to have the sheriff pile your stuff on the street."

   b. "Get your butt out of that house. It has to be sold."

## COUNT #1: CONSPIRACY TO WILLFULLY AND WANTONLY VIOLATE OF THE AUTOMATIC STAY and WILLFUL VIOLATION OF THE AUTOMATIC STAY

22. The above paragraphs, and those in the attached affidavit of Robin Lawler, are realleged and incorporated herein by reference.

23. All of these defendants conspired in a concerted manner with Faisal Moghul, in his role as agent for Terrance Cognata, and upon information and belief, Cognata himself, to violate the automatic stay provided to Lawler in her Chapter 13 bankruptcy, with the malicious desire to SPECIFICALLY cause mental anguish and financial harm to Plaintiff.

24. There is no legal or employment relationship between Faisal Moghul/Terrance Cognata and any of these named Defendants, and no principle/agent relationship existed between them, nor were they subjects of intracorporate immunity.

25. The actions of each of the Defendants in conspiring to improperly pursue two lawsuits against Robin Lawler after being notified of the automatic stay constitutes a gross violation of 11 USC Section 362(a)(3).

26. 11 U.S.C. Section 362(k) states: "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."

27. This Court held in *In re Seaton*, 462 B.R. 582, 592 (Bankr. E.D. Va. 2011) that a willful violation occurs where Plaintiff demonstrates that (1) the creditor/Defendant knew of the automatic stay and (2) intentionally performed the actions that violated the stay.

28. Here, the Defendants were repeatedly notified by both the Clerk of this Court and the Plaintiff of this pending bankruptcy and Defendants' duties thereunder, yet continued efforts to pursue the unlawful detainer case against her on January 22, 2018 and afterwards, going so far as to say in court that the bankruptcy filing had "no effect" of that case and it should be allowed to continue.

29. At all times, at the very least, after learning that Plaintiff intended to file and then had filed a Chapter 13, Kevin Lawler and Faisal Moghul worked in concert to insure that the unlawful detainer Kevin Lawler had filed and the counterclaim that Moghul had filed on behalf of Cognata would not be stayed and instead would be scheduled at the exact same time in different counties, wherein if Plaintiff failed to appear at either, she would automatically default/lose, perhaps losing a claim of $25,000 in one instance and losing her home of 21 years in another.

30. During a period in which her health was already in jeopardy, due directly to the actions of the conspirators, Lawler spent literally weeks trying to resolve the two cases, despite being afforded the benefit of the stay, spending hours on the phone with the courts, and hours drafting and sending correspondence.

31. In the interim, she suffered overwhelming panic and fear that she would immediately be homeless, and was incapable of either seeking full diagnosis/treatment for her vertigo or even for her panic. Her health was drastically adversely affected.

32. As a result of the conspirators' willful and wanton malicious abuse of the automatic stay, Plaintiff expended what little energy she had solely on these cases, and neglected not only her health, but other cases she had pending that could have resolved her bankruptcy. She also could not even give the bankruptcy itself her undivided attention, and made many many mistakes due to a complete lack of sleep.

33. Plaintiff suffered actual damages as a result of these illegal actions and communications by these Defendants in the form of extreme panic and fear of immediate homelessness, anger, extreme emotional distress that then adversely affected her health due to underlying autoimmune conditions that require a stressless environment, and a frustration beyond compare, amongst many negative emotions. Plaintiff also had to forgo pursuing a) treatment for her preexisting worsening health conditions and for her back, and b) other cases she had pending but could not prosecute as all of her attention and focus during January revolved around those two cases.

34. Defendants contempt of the Automatic Stay has forced Plaintiff to expend her time and expense to try to engage counsel to enforce the rights guaranteed to her by the Bankruptcy Code.

35. Since the required elements of civil liability under 11 U.S.C 362(k) have been fulfilled, the Defendants are jointly and severally liable to the Plaintiff for actual damages, punitive damages, and legal fees.

36. Since two of the conspirators are attorneys claiming to know the Bankruptcy Code and another is a law firm, the deliberate malicious contempt by Johnston and Getty & Associates absolutely warrant punitive damages, as does the willful and wanton behavior of Kevin Lawler (acting as attorney in fact for Robert William Lawler) that was actuated by hatred, the overwhelming need to discredit Plaintiff so that he could have sole control over their parents vast estate, and the desire to secure a win in court at any cost in order to justify the basis of his own "abuse of process" court case for monetary damages against her.

37. Punitive damages are also warranted because Defendants had an intimate knowledge of Plaintiff's preexisting serious debilitating health issues and how stress radically adversely affects it, but expressly chose to take those action, hoping the resulting health issues would prevent her from attending either court case. They knew the stress would overwhelm her, and desired for that to happen expressly, as Kevin Lawler specifically has a very long documented history of harassment, stalking and retaliation against those he feels have wronged him. He felt Plaintiff wronged him and he wanted her to suffer when he chose to knowingly violate the stay.

WHEREFORE, the Plaintiff, having set for her claims for relief against the Defendants, respectfully prays of this Honorable Court as follows:

A. That the Plaintiff recover against the Defendants jointly and severally a sum to be determined by the Court in the form actual damages;

B. That the Plaintiff recover against the Defendants jointly and severally all reasonable legal fees and expenses;

C. That the Plaintiff recover against the Defendant jointly and severally the maximum of $350,000.00 in punitive damages;

D. That the Court not reward the Defendants for their contempt by lifting the automatic stay, and order that it remain in full effect concerning these Defendants specifically;

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3rd day of May, 2018:

Robin M. Lawler
20611 Morningside Terrace
Sterling, Virginia 20165
Tel: (571) 762-9602
Email: bubba1bubba2@icloud.com
*Pro Se* Debtor/Plaintiff

the Events of January 22, 2018

I, Robin M Lawler, of 20611 Morningside Terrace, Sterling, VA 20165, being of sound mind and body and under the influence of no mind-altering drugs, hereby swear under penalty of perjury to facts to the best of my own recollection and knowledge:

1) I had filed suit against my former boyfriend, Terrance Cognata in Fairfax General District Court for his failure to abide by two separate settlement agreements. Faisal Moghul became his attorney in August 2017 and proceeded to file only STAMPED unsigned pleadings in the case, late. Further, he has lied about it on multiple occasions. First, he admitted to multiple judges that it is simply a stamp, after I repeatedly pointed out that his pleadings were nullities. After I pointed it out to him he went to the clerk's office on the morning of Nov 30, 2018 and signed over the stamp without notifying me or seeking leave of the Court. Further, in violation of VA code 59.1-70, 59.1-74, and 59.1-76, he filed all of his pleadings in the name of Morales Moghul PLLC, an non-existent fictitious name. One such pleading was a counterclaim he filed against me in Terrance Cognata's name. (Exhibit A-1)

2) Trial was set for January 9, 2018 for both my case against Cognata and his counterclaim against me

3) By accident, I had inadvertently mailed documents meant for my brother to Moghul in early December 2018 along with legal documents for our two cases

4) On or about December 18, 2017, after Moghul had received those documents meant for my brother (he presented them in a motion hearing in late December) my brother, claiming to have power of attorney for my parents, filed an unlawful detainer against me for the home I've lived in for 21 years. The first return was set for January 22, 2018. The paperwork was filed by an attorney named Laura Johnston of Getty & Associates. Exhibit A-2

5) During the same week, Moghul issued me a subpoena duces tecum, never served it, and demanded I respond to it. later filing a Motion in limine that he never mailed & I only discovered when I had the clerk copy the file for me.

6) Moghul also failed to provide the proper 10 Day Notice to use medical information as he did not have medical evidence or certifications.

7) In January 3, Robert "Kevin" Lawler, my brother, texted my friend Heather Broad with in which he threatened her and stated that he and his attorney...

Exhibit A-3

(1)

PLAINTIFF'S
EXHIBIT
A

...s attached in an email in which ... Heather took screenshot...
from her phone to forward to me - the text speaks for itself

8) Also on January 3, 2018, I filed a Chapter 13 bankruptcy in the Eastern District of Virginia, Alexandria Division. It was assigned Case No 18-10021.

9) Prior to filing, I had notified Moghul in writing of my intent to do so.

10) Upon receiving the documents concerning the automatic stay from the Bankruptcy Clerk, I forwarded a copy via email to the Clerk at the Fairfax General District Court asking for a stay in the counterclaim against me. I also forwarded to Faisal Moghul.

11) On or about January 5, 2018, Moghul wrote to the same clerk, knowingly lying when he stated he had to do so because of my "failure" to do so, and he demanded that the case I filed in which I was the plaintiff, needed to be stayed, and absolutely failed to try to stay the counterclaim when I wrote to him, pointing out the error he failed to respond

12) On January 8, 2018 at 9:30 AM Moghul appeared before the judge in Fairfax General District Court in an ex parte hearing, without my knowledge or consent continued the trial that was scheduled for the very next morning until JANUARY 22, 2018 at the exact same time he knew I was scheduled to be in Loudoun County General District Court for the unlawful detainer filed by Kevin Lawler and Laura Johnston. Further:

**Exhibits**
**A-5**
**A-6**
**A-7**

a) Moghul cleverly scheduled a motion hearing for the case I filed against Cognata in one courtroom at the courthouse, while

b) Moghul also scheduled the counterclaim he filed against me (that was subject to the automatic stay) for trial on January 22, 2018 in a totally separate courtroom! See attached Exhibits

13) Both the Clerk of the Bankruptcy Court and I myself mailed the bankruptcy paperwork to Kevin Lawler, my parents (Robert W & Linda), Terrance Cognata and Faisal Moghul who was also listed as a creditor.

14) After several days and hours and hours of me having to argue in writing and over the phone, the Fairfax Court finally stayed both proceedings. During this period I was outrageously stressed and unable to attend to my own health.

15) I filed the suggestion of bankruptcy with the Loudoun General District Court and mailed it.

16) Out of an abundance of caution, I appeared in the Loudoun Court on January 22, 2018, where I met Laura Johnston for the first time.

17) I asked to speak to her outside of the courtroom when I saw documents with my name on them in her hand/lap. 18)

18) I asked her why she was proceeding since the case was automatically stayed and her clients had certainly been noticed and she literally replied, "Your bankruptcy has nothing to do with this." I told her it absolutely did.

19) Johnston went back into the courtroom and asked the judge to proceed with the case, stating she had "just" learned of the bankruptcy but thought she could proceed and asked her to do so.

20) The judge asked me the status of the bankruptcy & I stated it had just been filed and the creditors was meeting was three weeks away. The judge said it stayed

21) Johnston asked that the case be continued for an update until April 23, 2018, which the judge agreed with

22) Johnston nor the others (Moghul, Cugnata, or my family appeared at the creditor's meeting or filed a proof of claim. None of them requested that the stay be lifted

23) I appeared on April 23, 2018 and Johnston again asked that the case be continued until June 25, 2018. Kevin Lawler also appeared.

24) To the best of my knowledge, no request to lift the stay has been filed or granted, as I certainly have never received notice.

25) Upon belief, Kevin Lawler (acting as an agent of Robert W. & Linda Lawler), Laura Johnston and Faisal Moghul/Terra Cugnata conspired to violate the stay and agreed to schedule and proceed with all of those hearings in separate courts for the same day. Exhibit A-3

26) In an appeal of a sanction Moghul lied to have issued against me, I tried to subpoena all communications on those matters between these parties, but they all diligently objected... if there were no communications b/w these people (who mostly did not know each other) there would have been nothing to which to object. Exhibit A-4

I swear under penalty of perjury that everything included in the prior three (3) pages of this affidavit about the events of January 22 2018 is true to the best of my personal knowledge and belief, and if called to testify in court to any of its' contents, I would testify to the same.

Commonwealth of VA
County of Loudoun

Robin Lawler
April 25, 2018
Date

Sworn before me Anna Lacey _____, Notary Public, in the county of Loudoun on April 25th _____, 2018.

Anna Lacey, Notary Public

**ANNA LACEY**
Notary Public 7672885
Commonwealth of Virginia
My Commission Expires April 30, 2020

(4)



# COMMONWEALTH OF VIRGINIA
# STATE CORPORATION COMMISSION

### Office of the Clerk


December 7, 2017

FAISAL MOGHUL
8201 GREENSBORO DR STE 300
MCLEAN, VA 22102

### RECEIPT

RE:    MOGHUL LAW PLLC

ID:    S5688639 - 7

CN:    17-12-07-1010

Dear Customer:

This is your receipt for $10.00 to cover the fee for filing each attested copy of an assumed or fictitious name certificate for the above-referenced limited liability company conducting business under the following assumed or fictitious name(s):

{ CHEHALKO & MOGHUL
   (FAIRFAX CO) }

Thank you for contacting our office. If you have any questions, please call (804) 371-9733 or toll-free in Virginia, (866) 722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission


PLAINTIFF'S
EXHIBIT
A - 1

LLFNACPT
CISBJB1

# SUMMONS FOR UNLAWFUL DETAINER
(CIVIL CLAIM FOR EVICTION)

VA. CODE § 8.01-126

Commonwealth of Virginia
Loudoun County ............ General District Court,
Leesburg VA 20176 C8
STREET ADDRESS OF COURT

TO THE DEFENDANT(S): You are commanded to appear before this Court on

January 22, 2018, at 8:30am to answer this civil claim.
RETURN DATE AND TIME

TO ANY AUTHORIZED OFFICER: Summon the Defendant(s) as provided below.

18 East Market Street

DATE ISSUED    12/27/17

CASE NO. QN170322S-00

HEARING DATE AND TIME

1-22-18
8:30 a.m.

CASE NO. Lawler, Linda A.
PLAINTIFF(S) NAME(S) (LAST, FIRST, MIDDLE)
5600 Westbury Ct.
ADDRESS/DESCRIPTION OF DEMANDED PROPERTY
Fredericksburg, VA 22407
(540) 760-5384
TELEPHONE NUMBER

v.

Lawler, Robin M.
DEFENDANT(S) NAME(S) (LAST, FIRST, MIDDLE)
2016 11 Morningside Terrace
Sterling, VA 20165
TELEPHONE NUMBER

CLAIM AND AFFIDAVIT: That Defendant(s) unlawfully detains and withholds from Plaintiff(s)
20611 Morningside Terrace Sterling VA 20165
ADDRESS/DESCRIPTION OF DEMANDED PROPERTY

and that the Defendant should be removed from possession based on the following:

[ ] unpaid rent [X] property owners wish to sell the property
and further that rent is due and owing and damages have been incurred as follows:

$ ............ RENT ............ rent due for ............

and $ ............ damages for ............ with interest ............

and $ costs ............ and $ ............ civil recovery and $ ............ RATE(S) AND BEGINNING DATE

[ ] Plaintiff requests judgment for all amounts due as of the date of the hearing.

This summons is filed to [ ] terminate tenancy pursuant to the Virginia Residential Landlord and tenant
Act, § 55-248.2 et seq. the Code of Virginia. [ ] 60 day notice ending 11-30-17

All required notices have been given. [ ] PLAINTIFF [X] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S AGENT

Subscribed and sworn before me this ............ day of ............ December ............ 20 17

[X] CLERK [ ] DEPUTY CLERK [ ] MAGISTRATE [X] NOTARY PUBLIC
City [ ] County of Orange

The above date is not the date for trial for CONTESTED cases. If you wish to contest this case you must appear in court to obtain a trial date.

## CASE DISPOSITION
[ ] JUDGMENT that Plaintiff(s) recover against ............ [ ] named DEFENDANT(S).
[ ] possession of the premises described above pursuant to § 8.01-128.
[ ] A hearing shall be held on ............ to establish final rent and damages.
DATE AND TIME
[ ] Immediate writ of possession authorized pursuant to Virginia Code
[ ] § 8.01-129 based upon a judgment of default for [ ] a tenant's
[ ] § 55-248(C) or § 55-248.34(10).

DEFENDANT(S) PRESENT? [ ] YES [ ] NO ............ record in the Loudoun County General District
Court and I have custody of that record.

[ ] Rent, in the sum of $ ............ DATE

and $ ............ costs and $ ............
HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO
[ ] JUDGMENT FOR [ ] NAMED DEFENDANT(S)
[ ] NON-SUIT [ ] DISMISSED DEFENDANT(S) PRESENT? [ ] YES [ ] NO
DATE

JUDGE

TO DEFENDANT: You are not required to appear; however, if you fail to appear, judgment may be entered against you. See the additional notice on the reverse about requesting a change of trial location and your right to prevent this unlawful detainer action through payment of amounts owed.

[ ] To dispute this case, you must appear on the return date to try this case.
[ ] To dispute this case, you must appear on the return date for the judge to set another date for trial.

If you fail to appear and a default judgment is entered against you, a writ of possession may be issued immediately for possession of the premises.

Bill of Particulars ordered ............
DUE DATE

Grounds of Defense ordered ............
DUE DATE

ATTORNEY FOR PLAINTIFF(S)
Laura J. Johnston, Esq.
P.O. Box 1040, Locust Grove VA 22508
(540) 972-7600
TELEPHONE NUMBER

ATTORNEY FOR DEFENDANT(S)

[ ] Redemption tender presented, continued ............

HEARING DATE AND ............

[ ] Defendant must pay ............

$ ............ RENT OWED
into the court to be held in escrow by ............

DATE
and any rents coming due prior to the next hearing date must also be paid into the court ............
JUDGE'S INITIALS

MONEY JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION

DATE

CLERK

DISABILITY: ............ vision, hearing, time.

ROBIN M LAWLER

17039098

2346

FORM DC-421 FRONT 07/14

CIVIL DEC 28 2017 905-18

**PLAINTIFF'S EXHIBIT A - 2**

# Re: Kevin

January 08, 2018 at 6:49 PM

From **Heather Goodwin**

To **"bubba1bubba2@icloud.com"**

Reply-To **Heather Goodwin**

Screenshot...108-174738.png 80.61 KB,  Screenshot...108-165455.png 366.86 KB,
Screenshot...108-165542.png 323.16 KB

Return-path: <heather.goodwin@yahoo.com>
Received: from pv33p00im-smtpin012.mac.com ([17.142.194.146]) by ms49040.mac.com (Oracle Communications Messaging
  Server 8.0.1.2.20170607 64bit (built Jun 7 2017)) with ESMTP id <0P29003ZYE1XAFA0@ms49040.mac.com> for
  bubba1bubba2@icloud.com; Mon, 08 Jan 2018 22:49:09 +0000 (GMT)
Original-recipient: rfc822;bubba1bubba2@icloud.com
Received: from sonic316-14.consmr.mail.bf2.yahoo.com (sonic316-14.consmr.mail.bf2.yahoo.com [74.6.130.124]) by
  pv33p00im-smtpin012.me.com (Oracle Communications Messaging Server 8.0.1.2.20170607 64bit (built Jun 7
  2017)) with ESMTPS id <0P290013IE1RIE10@pv33p00im-smtpin012.me.com> for bubba1bubba2@icloud.com
  (ORCPT bubba1bubba2@icloud.com); Mon, 08 Jan 2018 22:49:09 +0000 (GMT)
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 spamscore=0 clxscore=208 suspectscore=0
  malwarescore=0 phishscore=0 adultscore=0 bulkscore=0 classifier=spam adjust=0 reason=mlx
  scancount=1 engine=8.0.1-1707230000 definitions=main-1801080321
X-Proofpoint-Virus-Version: vendor=fsecure engine=2.50.10432:,, definitions=2018-01-08_13:,, signatures=0
Authentication-results: pv33p00im-dmarcmilter007.me.com; dmarc=pass header.from=yahoo.com
Authentication-results: pv33p00im-spfmilter007.me.com; spf=pass (pv33p00im-spfmilter007.me.com: domain of
  heather.goodwin@yahoo.com designates 74.6.130.124 as permitted sender)
  smtp.mailfrom=heather.goodwin@yahoo.com
Received-SPF: pass (pv33p00im-spfmilter007.me.com: domain of heather.goodwin@yahoo.com designates 74.6.130.124 as
  permitted sender) receiver=pv33p00im-spfmilter007.me.com; client-ip=74.6.130.124; helo=sonic316-
  14.consmr.mail.bf2.yahoo.com; envelope-from=heather.goodwin@yahoo.com
Authentication-results: pv33p00im-dkimmilter009.me.com; dkim=pass (2048-bit key) header.d=yahoo.com
  header.i=@yahoo.com header.b=jNghjuxg; dkim adsp=pass
DKIM-Signature:
  v=1; a=rsa-sha256; c=relaxed/relaxed; d=yahoo.com; s=s2048; t=1515451713;
  bh=k8/BLk4y+s0GWLVoEG7FQ6vNWJihhcMiyi2kZHWTKL8=; h=Date:From:Reply-To:To:In-Reply-
  To:References:Subject:From:Subject;
  b=jNghjuxgHCmEZ4TnP7FMkePBLMDFtK3BD57H7XNLOCw+0WbQPtsnpjByHylbPmAGOZaXH0TrLhRg2QDOHQeX
  +HtDGQ/gkVAMzRKgYfHy1JUL2E1lob6AbRatBa66V/ER6A/Brk1DwrlP4wKXnF40H6C5E9dzHtOOKwNrmeGkVGS8KEl
  G! ceD6SYLDlRs6l+fuakyQUlwi64c1lvV641zHA2EkHRKaunBA/Hy2ahPbcKGutmiNaKluGISNGCGxn6AxrXJf5pmuMYM
  0lF3xgkU0QBrTJNUEceyjYBaNc16spdORpVdfZrsFhEW7Zs7T1uGW7BpyaR29/nax6wmPg4g==
Received: from sonic.gate.mail.ne1.yahoo.com by sonic316.consmr.mail.bf2.yahoo.com with HTTP; Mon, 8 Jan 2018 22:48:33
  +0000
Date: Mon, 08 Jan 2018 22:48:23 +0000 (UTC)
From: Heather Goodwin <heather.goodwin@yahoo.com>
Reply-to: "heather.goodwin@yahoo.com" <heather.goodwin@yahoo.com>
To: "bubba1bubba2@icloud.com" <bubba1bubba2@icloud.com>
Message-id: <1032414723.2900938.1515451705308@mail.yahoo.com>
In-reply-to: <520283065.2884695.1515448880985@mail.yahoo.com>
References: <520283065.2884695.1515448880985.ref@mail.yahoo.com>
  <520283065.2884695.1515448880985@mail.yahoo.com>
Subject: Re: Kevin
MIME-version: 1.0
Content-type: multipart/mixed; boundary="----=_Part_2900937_1484301619.1515451705308"
X-Mailer: WebService/1.1.11150 YahooMailAndroidMobile YMobile/1.0 (com.yahoo.mobile.client.android.mail/5.23.5;
  Android/7.0; NRD90M; dream2qltesq; samsung; SM-G955U; 5.94; 2076x1080;)
x-icloud-spam-score:
  ? 23:359
  i yahoo.com;e -yahoo.com;is=yes;ir=no;spf=pass;dkim=pass;dmarc=pass/reject/none;gdwl=absent;pps=ham;clxs=
  ham,clx=neutral
X-CLX-Spam: false
X-CLX-UnSpecialScore: None
X-CLX-Score: 208
X-CLX-Shades: None
X-MANTSH:



Page 1 of 7

1TEIXWiwZGVoaGkNHB0tNT0ReQ0QeGxoZEQpMQxcbHQQbHhgEGxMfBBkYEBseGh8
aEQpMWRcYGhlRClIRClIJFxpxGhAadwYbEhJxGx8aEBp3BhgaBhoRClIeF2treREKQ
C4Xex9tbUVnfV9cTAEcZ2FHQXl5cEZvYWNYTX9SYxJBGUARClhcFxkEGgQZGAdNGU4TTxMZGAU
bHQQbHhgEGxMSBBkSEBseGh8aEQpeWRd4Q3BEBREKTVwXBx8TEQpMWhd4aV1daxEKRVkXaGtrE
QpMXxd6BQUFBQUFBQUFHREKTEYXe2tka2sRCkNaFx0eBBwEGxkaBBsYHhEKQl4XGxEKRF4XGBE
KQlwXGxEKXk4XGxEKQksxEkQcHW9FbG1EQ2YRCkJFF2JJfHxsa0xAY2F5EQpCThd6RBwdb0Vsb
URDZhEKQkwXYmx4aEN5YHobRB4RCkJsF2IuTh5tX0xuZXAFEQpCQBdkZR5wbHsbXIhABREKQIg
Xa2tFaGZeXERNYBgRCk1eFxsRCnBoF3pvXBxDSwVFX01JEBkaEQpwaBcjTERzH3xvUkBJaxAbH
BEKcGgXYXJZYxNoWAF+RRwQGRoRCnBoF2xYWm1/YX0ZfGJuEAcdBBMRCnBoF28YbHx8bVIHS35
HEBkaEQpwfxduenxfGX99QXtcbhAfGxEKcF8XYBtDTVBAWBNYem0QGBMRCnB9F2IZE2BAWV9IH
2kaEBkaEQpwfRdiGRNgQFIfSB9pGhAZGhEKcGMXZWZeG1JrfUhJThlQGRoRCnBsF2h4fkFeRk9
NGWcFEBkaEQptfhcbEQpYTRdLEQ==
x-dmarc-info: pass=pass; dmarc-policy=reject; s=r1; d=r1
x-dmarc-policy: v=DMARC1; p=reject; pct=100; rua=mailto:dmarc_y_rua@yahoo.com;
X-YMail-OSG: EmtWsPYVM1kV9u1v2fnyJJ91QrH53YMNNJeXFo10GnH8e7IAbOXxkz9CAgqenPT
ZooV7gYn5oYTt3BPGb4e8Y.oTXZkjqtX4AvTD8rCBUhcXc1JR942U4cqSsW0.G5WGywqstDCroNI
JYeg3yJI77WvIi0alRAwjxaB39GwCTHdHSEQdU1IIuGdDF.rjBBxbq7V54miURgYLROi33NA25mD
twxekOYcVXqqQjwpXI_rXIMt8aiS7JzSOLMNMiRgIj6IFUT2zX_jBjTU17IYS8fCa4TFNRexiz0c
3RctDSjUy1YLxeFsFQrmpwd2IFqktIcHshToGFE_GaN55jqxUqtpgzzg7wHzmL_J28cYzjXyU_n4
u.4mDiLaBeXEIYdL2d0dqeZsFoxwbEIkqI1FX8BoULi8ifiz3kvVMETZ7puLAVK8wi3_4AKcnvWR
0_Lb4oco4mZ.8BIU08q1Q4ggf3V.vy1pThdgdcWJw69_Y.SkzPq6T9LSlwKW.Gt8YtEzNmMblvAo
EskYkCjGtEusU6j7dwiukxNalK0haVOmKio8W2CbBqzmz7BdS





**Kevin Lawler**
**Mobile : (540) 760-5384**

# Create Message            # Mute Conversation

Sent from Yahoo Mail on Android

On Mon, Jan 8, 2018 at 5:01 PM, Heather Goodwin
<heather.goodwin@yahoo.com> wrote:

I dont know why your brother kevin lawler has sent these texts messages to me about lawyers and lawsuits on january 3rd. Im not involved in any of this and i dont know why he has sent this to me.

Sent from Yahoo Mail on A



### Kevin Lawler
Mobile

**Wednesday 8:04 PM**

My parents do NOT live with me.
Attorney will be serving subpoenas on you for every bogus case filed. Attorneys from all other cases are communicating to form abuse of legal system case for more censures and dismissals. Especially after notices were sent

Page 4 of 7

for Robin to pick up the belongings I found that she ignored or refused to oblige. Emails opened over 50x smh. But can still file lawsuits. It's nice that the police are backing everything thing up



+ Type a message...

 



Kevin Lawler
Mobile

My parents do NOT live with me.
Attorney will be serving subpoenas on you for every bogus case filed. Attorneys from all other cases are com-municating to form abuse of

Page 5 of 7

municating to form abuse of legal system case for more censures and dismissals. Especially after notices were sent for Robin to pick up the belongings I found that she ignored or refused to oblige. Emails opened over 50x smh. But can still file lawsuits. It's nice that the police are backing everything thing up. For some reason you felt the need to help her out without considering the effects it would have of my parents well being. Yea we know and not too many people have much respect for you. You

Type a message...




ndroid

# GETTY & ASSOCIATES, P.C.

## ATTORNEYS AND COUNSELLORS AT LAW

FREDERICK J. GETTY, ESQ.

BRIAN A. CHOISSER, ESQ.
JOANNA C. ABE, ESQ.
LAURA J. JOHNSTON, ESQ.

4258 Germanna Highway, Suite E
Locust Grove, Virginia  22508
Phone  (540) 972-7600   FAX  (540) 972-0880
EMAIL:  info@gettyandassociates.com

MAILING ADDRESS
P.O. Box 1040
Locust Grove, VA  22508

March 15, 2018

Hon. John T. Frey
Court Clerk
Fairfax Circuit Court
4110 Chain Bridge Road
Fairfax, Virginia 22030

Re:        Lawler v Cognata
           Circuit Court No. 2018-110

Dear Mr. Frey:

Enclosed please find Robert Kevin Lawler's Motion to Quash the Subpoena Duces Tecum in the above referenced case.  Kindly file the same in the case jacket in your normal course of business.

If you have any questions, please do not hesitate to contact me.  I can be reached at (540) 972-7600. I am;

Very truly yours,

Laura J. Johnston, Esq.

Cc:  Client
Faisal Moghul, Esq.
Robin Lawler

Exhibit
A-4

## Fairfax County General District Court

### Civil Case Details

**NOTE:** This case contains mixed claims. Contact court for judgment information.

#### Case Information

| | | |
|---|---|---|
| **Case Number :** GV17007460-00 | **Filed Date :** 04/11/2017 | |
| **Case Type :** Warrant In Debt | **Debt Type :** | |

#### Plaintiff Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| LAWLER, ROBIN | | POTOMAC FALLS, VA 20165 | | NO ATTY(MEHALKO & MO |

#### Defendant Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| COGNATA, TERRANCE ROBERT | | | | MEHALKO & MOGHUL |

#### Hearing Information

| Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|
| 05/15/2017 | 09:30 AM | Continued | Motion | 2A |
| 05/15/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 06/28/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 07/24/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 08/24/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 09/12/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 11/29/2017 | 09:30 AM | Continued | Motion | 2B |
| 12/27/2017 | 09:30 AM | | Motion | 2A |
| 01/09/2018 | 09:30 AM | | Motion | 2B |
| 01/09/2018 | 09:30 AM | | Contested Hearing | 2B |

#### Service/Process

#### Reports

#### Judgment Information

| | | |
|---|---|---|
| Judgment : | Costs : | Attorney Fees : |
| Principal Amount : | Other Amount : | Interest Award : |
| Possession : | Writ Issued Date : | Homestead |
| Is Judgment Satisfied : | Date Satisfaction Filed : | Other |
| Further Case | | |

*TRIAL DATE AS OF JAN 8* (handwritten)

PLAINTIFF'S EXHIBIT A-5

## Civil Case Details

NOTE :

NOTE :

### Case Information

Case Number : GV17007460-00

Case Type : Warrant In Debt

Filed Date : 04/11/2017

Debt Type :

### Plaintiff Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| LAWLER, ROBIN | | POTOMAC FALLS, VA 20165 | | NO ATTY(MEHALKO & MO |

### Defendant Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| COGNATA, TERRANCE ROBERT | | | | MEHALKO & MOGHUL |

### Hearing Information

| Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|
| 05/15/2017 | 09:30 AM | Continued | Motion | 2A |
| 05/15/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 06/28/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 07/24/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 08/24/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 09/12/2017 | 09:30 AM | Continued | Civil Hearing | 2A |
| 11/29/2017 | 09:30 AM | Continued | Motion | 2B |
| 12/27/2017 | 09:30 AM | Continued | Motion | 2A |
| 12/27/2017 | 09:30 AM | Continued | Motion | 2A |
| 01/08/2018 | 09:30 AM | Continued | Motion | 2A |
| 01/22/2018 | 09:30 AM | | Motion | 2A |
| 01/22/2018 | 09:30 AM | | Civil Hearing | 2A |

MOTIONS ROOM

### Service/Process

| Person Served | Process Type | Date Issued | Date Returned | Plaintiff | How Served |
|---|---|---|---|---|---|
| COGNATA, TERRANCE ROBERT | Warrant In Debt | 04/11/2017 | | LAWLER, ROBIN | |

### Reports

| Report Type | Reporting Agency | Date Ordered | Date Due | Date Received |
|---|---|---|---|---|
| BILL OF PARTS | | | 10/12/2017 | 10/12/2017 |
| ANS GROUNDS | | | 11/13/2017 | 11/14/2017 |
| COUNTERCLAIM | FILED 11/14/17 | | | |
| CC FILED 111417 | | | | |
| WIT SUB (5)ISSUED | 010318 | | | |

PLAINTIFF'S EXHIBIT A-6

FILED LATE
W/ STAMPED COPY BY

# ONLINE CASE INFORMATION SYSTEM

## Fairfax County General District Court



### Civil Case Details

**NOTE:** This case contains mixed claims. Contact court for judgment information.

#### Case Information

| | | | |
|---|---|---|---|
| Case Number : | GV17024578-00 | Filed Date : | 11/14/2017 |
| Case Type : | Counterclaim | Debt Type : | |

#### Plaintiff Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| COGNATA, TERRANCE ROBERT | | | | MEHALKO & MOGHUL |

#### Defendant Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| LAWLER, ROBIN M | | | | |

#### Hearing Information

| Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|
| 12/07/2017 | 09:30 AM | Continued | Motion | 2A |
| 12/19/2017 | 09:30 AM | Continued | Motion | 2A |
| 01/22/2018 | 09:30 AM | | Contested Hearing | 2B |

TRIAL ROOM

#### Service/Process

| Person Served | Process Type | Date Issued | Date Returned | Plaintiff | How Served |
|---|---|---|---|---|---|
| LAWLER, ROBIN M | Counter-claim | 11/14/2017 | | COGNATA, TERRANCE ROBERT | |

#### Reports

| Report Type | Reporting Agency | Date Ordered | Date Due | Date Received |
|---|---|---|---|---|

#### Judgment Information

| | | |
|---|---|---|
| Judgment : | Costs : | Attorney Fees : |
| Principal Amount : | Other Amount : | Interest Award : |
| Possession : | Writ Issued Date : | Homestead Exemption Waived : |
| Is Judgment Satisfied : | Date Satisfaction Filed : | Other Awarded : |
| Further Case Information : | | |

**PLAINTIFF'S EXHIBIT**
A-7

#### Garnishment Information

IN THE UNITED STATES BANKRUPTCY COURT **FILED**
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION        2018 JAN 12  P 4: 1

CLERK
US BANKRUPTCY
ALEXANDRIA DIVISION

In re:                          )          **Chapter 13**
                                )
**ROBIN MAY LAWLER**            )          **Case No. 18-10021**
                                )
Debtor.                         )
                                )

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) CONTINUING THE MEETING OF CREDITORS FOR FOUR TO SIX WEEKS, AND (III) GRANTING RELATED RELIEF

The above-captioned debtor respectfully states as follows in support of this motion ("Motion"):

### Relief Requested

1.  The Debtor seeks entry of an order: (a) extending the deadline by which the Debtor must file her schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by thirty (30) days, for a total of forty-four (44) days from the Petition Date of January 3, 2018, without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) continuing the meeting of creditors, currently scheduled for February 13, 2018, for four to six weeks; and (c) granting related relief.

### Jurisdiction, Venue, and Procedural Background

2.  The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated July 10, 1984. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007(c) and



PLAINTIFF'S
EXHIBIT
B

9006(b), and Rules 1007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

4. On January 3, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

### Basis for Relief

## I. Cause Exists for Extending the Deadline by Which the Debtors Must File the Schedules and Statements.

5. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtor is required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rule 1007(a)(5) and (c), the Court has authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c). Further, Local Rule 1007-1(C) permits the Court to enter an order extending the Debtors' time to file their lists, schedules, and statements under the following circumstances: "If no objection to the motion to extend the time for filing is timely filed with the Court, the Clerk shall enter an order extending time for filing to not later than the seventh day prior to the scheduled meeting of creditors. If the lists, schedules, statements, and other documents are not filed by said date, the Clerk shall enter an order dismissing the case. "

6. Here, good and sufficient cause for granting an extension of time to file the Schedules and Statements exists. Lawler had contacted attorneys over the holiday to represent her, but probably due to shortened hours, no one returned her call, so she filed this case *pro se*. Almost every debt Lawler has is for outstanding medical bills which she incurred due to several disabling conditions, including Lyme Disease, an autoimmune condition. During the holidays and since, she got progressively sicker, and has been to the emergency room three times since Christmas day to receive a total of six bags of intravenous fluid. In the periods in which she was able to concentrate on gathering the remaining information, she kept "hitting brick walls:"

- Her tax and income records were either mislocated or lost during a reorganization of her home last summer. Earlier records were contained on a computer that Debtor no longer owns after it was destroyed. When she realized that she could not locate hard copies in preparing this documents, she immediately contacted the IRS.

- Since she does not have a credit card or loan, the website for the IRS cannot verify her identity, and thus, she cannot retrieve or request the missing documents online, therefore requiring everything to be completed by mail. This discovery was made on January 10, 2018 as Lawler was preparing the remaining document; she had believed she could

simply retrieve them online. Had she had a credit card, she could have, but the IRS does not accept debit cards for verification. Thus, the tax credits that must be produced a week prior to the creditors meeting probably will not be available to be filed in a timely manner.

- Similarly, Lawler's Social Security 1099 forms were with the tax records that were lost. Over the course of the last several days, Lawler has phoned the Social Security Administration approximately one dozen times, only to be placed into a queue of over an hour, only to then have the call end in failure. Even when Lawler requested calls from the SSA online, when those calls were received, they inevitably failed as well.

- At this juncture, believing that no call will be successful at this point, Lawler will need to go to the physical Social Security Office in Manassas, Virginia, more than 30 minutes from her home, to request the records in person. Due to the nature of the requested records, Lawler sincerely doubts that those records will be available even by the meeting of creditors, much less by the date all schedules are currently due on January 17, 2018.`

- The same is true of two of the major credit reporting agencies. During the last week of December, Lawler requested her online credit reports from all three agencies. One request was returned with the statement that it could not be processed. One stated that it had to be requested by mail. The third, from TransUnion, was received, but seemed to Debtor to be lacking information. One particular item, a previous bankruptcy filing, actually had the wrong information. Because of this, Lawler cannot be sure that everything is properly reported. Given the need to fully report all debt and creditors correctly, and her continued full effort to attain all necessary information, Debtor feels good cause exists for an extension of time to file the schedules and to continue the meeting of creditors.

7. Although the Debtor is working diligently and expeditiously to prepare the Schedules and Statements, the *pro se* Debtor's resources and health are strained. Considering the amount of work entailed in completing the Schedules and Statements combined with the aforementioned "brick walls" in attaining currently missing information, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

8. Debtors anticipate that they may require at least thirty (30) days after the Petition Date to complete the Schedules and Statements. The Debtors therefore request that the Court extend the initial 14-day period for an additional thirty (30) days, without prejudice to the Debtors' right to request further extensions, for cause shown.

### Waiver of Memorandum of Points and Authorities

9.  The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

### No Prior Request

10. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the circumstances


Respectfully submitted this 11th day of January, 2018:

Robin M. Lawler
*Pro Se*

Robin M. Lawler
20611 Morningside Terrace
Sterling, Virginia 20165
Tel: (571) 762-9602
Email: bubba1bubba2@icloud.com
*Pro Se* Debtor

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re: Robin May Lawler        Case No. 18-10021
                                Chapter 13
          Debtor(s)


Robin M Lawler
        Plaintiff(s)                    Adversary Proceeding No.

v.  Robert "Kevin" Lawler
    Robert William Lawler
    Laura J Johnston
        Defendant(s)
    Getty & Associates, P.C.

## CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: Complaint for Contempt of Automatic Stay & Conspiracy
                                                to Violate Automatic Stay
Date Document Filed: May 3, 2018
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☑ No attorney has prepared or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

FILED
2018 MAY -3 P 12:32

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

Robin M Lawler                          _____
Name of Pro Se Party (Print or Type)    Name of Pro Se Party (Print or Type)

Robin M Lawler                          _____
Signature of Pro Se Party               Signature of Pro Se Party

Executed on: May 3, 2018        (Date)

[2090edva ver. 09/17]